

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
~~XGOVEHXXXKHE~~
ATTORNEY GENERAL

Mr. Olin Culberson, Commissioner
Railroad Commission of Texas
Austin, Texas

Dear Sir:                           Opinion No. O-4360
                                    Re: Authority of the Railroad
                                        Commission to take an oil
                                        well off production while
                                        suit attacking the permit
                                        to drill said well is
                                        still pending.

        This is in reply to your letter requesting an
opinion. Your letter reads as follows:

        "With reference to Cause No. 9016, Stan-
    olind Oil and Gas Company versus Midas Oil
    Company, et al, in the District Court of Travis
    County and with particular reference to the
    judgment of the Court of Civil Appeals of the
    Third Supreme Judicial District, dated July 3,
    1940, and reported in 143 S. W. (2nd) 138, and
    in which opinion the following language is used:
    'The invalidity of said permit as not being au-
    thorized to prevent confiscation, and as being
    in violation of the Commission's own rule of
    May 29, 1934, relating to voluntary subdivisions,
    has now been twice definitely adjudicated by
    this court; and is now foreclosed.'

        "I wish you would please answer the follow-
    ing question:

                        "QUESTION

        "Does the opinion, as cited, authorize or
    justify the Commission in taking the well in
    question off production schedule?"

In order to answer your question it is necessary to examine the history of the case about which you ask, to-wit, the case of Stanolind Oil & Gas Company v. Midas Oil Company, et al. That case was originally filed on October 19, 1935, by the Stanolind Oil & Gas Company to cancel a permit issued on June 10, 1935, by the Railroad Commission of Texas to Midas Oil Company authorizing the drilling of an oil well in the East Texas field as an exception to the Railroad Commission's Rule 37. The well was drilled before the case was filed. On the original trial of the case in the District Court, judgment was entered for the defendants, the Midas Oil Company, and the Railroad Commission of Texas, upt holding the permit. That judgment was appealed to the Court of Civil Appeals at Austin; and that court wrote an opinion reversing the judgment and remanding the case for new trial. That opinion is reported as Stanolind Oil & Gas Co. v. Midas Oil Co., 123 S. W. (2d) 911. From that judgment of the Court of Civil Appeals application for writ of error was dismissed by the Supreme Court of Texas.

The case was tried a second time in the District Court, and judgment was again entered for the defendants upholding the permit. The judgment was on the motion of the defendants at the close of the plaintiff's evidence. The case was again appealed to the Court of Civil Appeals at Austin; and the Court of Civil Appeals again reversed the trial court's judgment and remanded the case for new trial on the sole issue of estoppel, that is, on the sole issue of whether or not the plaintiff, Stanolind Oil & Gas Company, was estopped by its conduct from complaining about the permit to drill said oil well. The court held that the permit to drill the well was invalid, but that in view of the fact that no one complained about the permit for more than four months and that the plaintiff, Stanolind Oil & Gas Company, did not file said suit to cancel the permit for more than four months after it was granted and that in the meantime the permittee, Midas Oil Company, "incurred heavy expense towards drilling such well" it was a question of fact "to be determined under all the facts and circumstances" whether the plaintiff waited an unreasonable length of time before filing its suit and thereby permitted the Midas Oil Company to act under the permit and incur such heavy expense that the plaintiff was barred under the doctrine of estoppel from complaining. That opinion of the Court of Civil Appeals is reported as Stanolind Oil&Gas Co. v. Midas Oil Co., 143 S. W. (2d) 138; and the court, speaking through Justice Baugh, said:

" . . . The permit in question was . . . . clearly invalid.

"The only remaining question is that of estoppel . . . .

"Can the Stanolind, whose primary interest and objective in bringing such suit is to protect its own property rights, sit silently by for four months after such permit is granted, apparently acquiescing in its presumed validity, until the holder thereof has, as he had a clear legal right to do, incurred heavy expense towards drilling such well, and then be permitted to assert that drilling it will injure Stanolind's property rights? . . .

"On the second trial hereof the defendants pleaded estoppel against appellant's right to have said permit set aside for the protection of its own property rights. Manifestly that constituted an affirmative defense. And when the appellant showed, as it clearly did, that the permit was arbitrarily granted by the Commission, it was entitled to have it set aside unless the Midas by pleading and proof showed that Stanolind had, by its own conduct, become estopped from doing so. This burden, as an affirmative defense, therefore clearly rested upon the Midas. It was predicated upon acts and conduct occurring subsequent to the granting of the permit, . . .

" . . . . Appellee did not by proof undertake to show estoppel as against an invalid order. Its contention in the trial court, and its motion for an instructed verdict at the close of plaintiff's evidence, was predicated entirely on the contention, and its motion affirmatively so shows, that 'the plaintiff has wholly failed to discharge the burden of proof placed upon it,' to show that there was not before the Railroad Commission sufficient evidence to sustain said permit. Manifestly this was the ground on which the trial

court based his judgment. On that ground it
cannot be sustained, and the issue of estoppel,
wherein the burden rested upon appellee, was
not adjudicated.

"What constituted a reasonable time, none
being fixed by statute, in which a protestant
must act in suing to set aside such permit; and
whether an unreasonable delay in doing so has
damaged the holder of such a permit, are fact
questions to be determined under all the facts
and circumstances of the particular case.

"The invalidity of said permit as not being
authorized to prevent confiscation, and as
being in violation of the Commission's own rule
of May 29, 1934, relating to voluntary subdivi-
sions, has now been twice definitely adjudicat-
ed by this court; and is now foreclosed. Since,
however, the trial court erroneously rendered
judgment in favor of the defendant without re-
quiring it to make any proof on its affirmative
defense of estoppel, a defense available to it
as against Stanolind even on an invalid permit,
we think it should be permitted to have that
issue determined. The judgment will therefore
be reversed and the cause remanded for trial
solely upon the issue of estoppel pleaded by
the defendant . . . ."

From that judgment of the Court of Civil Appeals application
for writ of error was refused by the Supreme Court of Texas.

The case was tried a third time in the District
Court on the sole question of whether or not the plaintiff,
Stanolind Oil & Gas Company, was barred by estoppel from
maintaining the suit. The Railroad Commission of Texas and
its members, although named as defendants in the plaintiff's
petition and having appeared in the two previous trials, did
not appear or participate in the third trial. The plaintiff,
Stanolind Oil & Gas Company, and the defendant, Midas Oil
Company, each appeared by their attorneys, and each offered
evidence, on the third trial. The jury answered two special
issues, finding that (1) "the plaintiff, Stanolind Oil & Gas
Company, delayed for an unreasonable time the bringing of

this suit against the defendant, Midas Oil Company," and
(2) "that defendant, Midas Oil Company, has incurred heavy
expense which it otherwise would not have incurred." Based
upon those findings, the trial court entered judgment against
the plaintiff and for the defendant, Midas Oil Company, said
judgment being dated December 3, 1941.

The case was again appealed by Stanolind Oil & Gas
Company, and is now on appeal in the Court of Civil Appeals
at Austin.

As we interpret your question, you want to know
whether or not the Railroad Commission of Texas has author-
ity by virtue of what was said in the opinion of the Court
of Civil Appeals to take the well in question off production
schedule. In other words, does the Railroad Commission have
authority to enter an order or to take action that will stop
production of oil from the well in question?

In view of the appellate court decisions in this
State we are convinced that the Railroad Commission does not
have authority at this time to enter an order or to take any
action that will stop production of oil from this particular
well, other than to enter an order that will apply to all
wells generally. The Commission does not have authority at
this time to enter an order that has the effect of modifying
or changing the terms of the permit to drill the well, that
was originally issued by the Commission on June 10, 1935, be-
cause the Commission does not have jurisdiction over the
subject matter by virtue of the fact that the suit attack-
ing the validity of the permit is still pending. Such was
the holding of the Supreme Court of Texas in the case of
Stewart v. Smith, 126 Tex. 292, 83 S. W. (2d) 945, in which
the court said:

"Plaintiff in error suggests that this
cause may be moot, because after the trial of
the cause in the district court, and while it
was pending in the appellate courts, the Rail-
road Commission granted plaintiff in error a
permit to drill a well on the land in contro-
versy, and the well has been drilled. We pre-
sume from the foregoing statement that after
the judicial arm of the state had assumed jur-
isdiction of the matter, the Railroad Commis-
sion undertook to act again thereon. If this

be true, the Railroad Commission was without
jurisdiction."

The same holding was made by the Court of Civil Appeals at
Austin, in the case of Edgar v. Stanolind Oil & Gas Co., 90
S.W. (2d) 656, in which it was said:

"After procuring two wells on said strip
of land, Edgar applied to the Railroad Commis-
sion for a permit to drill well No. 3, here in-
volved. This application was by the commission
refused on October 21, 1933. Edgar thereupon
filed suit in the district court of Travis County
to enjoin the commission from interfering with
his drilling said Well No. 3. That suit was
filed on April 6, 1934. While that suit was
pending, Edgar filed a motion with the Railroad
Commission for a rehearing of his application.
That motion was heard by the commission, and
on September 24, 1934, the Railroad Commission,
by what it designated as an amended order, grant-
ed Edgar a permit to drill said well No. 3.
Thereafter Edgar dismissed his suit in the dis-
trict court of Travis County, obviously on the
assumption that he had, after he had filed it,
obtained from the Railroad Commission the re-
lief he had theretofore invoked the jurisdic-
tion of the district court to obtain.

"Thereupon the appellees herein brought
this suit to annul the so-called 'amended or-
der' of the commission dated September 23, 1934,
and to restrain the operation by appellant of
the well drilled thereunder . . . .

"From the facts above recited it is mani-
fest and has been expressly so held, that while
the suit involving the subject-matter of this
controversy was pending in the district court
of Travis County, the Railroad Commission lost
jurisdiction of its order of October 21, 1933.
. . . the order of the commission dated Septem-
ber 24, 1934, and herein attacked, was void for

want of jurisdiction in the commission over the
subject-matter thereof. Stewart v. Smith (Tex.
Sup.) 63 S. W. (2d) 945."

A similar holding was made in the case of Barnsdell Oil Co.
v. Railroad Commission, 90 S. W. (2d) 663, in which the court
cited the cases of Stewart v. Smith, supra, and Edgar v.
Stanolind Oil & Gas Co., supra, as authority.

Our answer to your question is that the Railroad
Commission of Texas does not have authority at this time to
take the well in question off production schedule.

                              Yours very truly

                         ATTORNEY GENERAL OF TEXAS


                 By          (Signed)
                             Cecil C. Rotsch
                                  Assistant.


APPROVED MAY 2, 1942

(Signed) Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL


CCR:db:JMc

                              APPROVED OPINION COMMITTEE
                                   BY B. W. B.
                                   CHAIRMAN.